$$\mathfrak{In~the~District~Court~of~the~United~States}$$
$$\mathfrak{For~The~District~of~South~Carolina}$$
BEAUFORT DIVISION

| | |
|---|---|
| **Kenneth Evans, II, #308918,** ) | Civil Action No. 9:05-2426-HFF-GCK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Captain Paul Mode, County of Laurens,** ) | |
| **Leigh Anne Simmons, Tyrone Devell** ) | |
| **Jenkins, Willie B. Sims, Jr., and Ricky** ) | |
| **Chastain, Sheriff of Laurens County**, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. INTRODUCTION

The *pro se* Plaintiff, Kenneth Evans, II ("Plaintiff" or "Evans"), brought this action pursuant to Title 42, United States Code, Section 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review pretrial matters in prisoner cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## II. *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

*v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III. HISTORY OF THE CASE

Plaintiff claims that while he was incarcerated in the JDC on November 1, 2003, he went to take a shower and was assaulted by a fellow inmate, Tyrone Devell Jenkins ("Inmate Jenkins"). Plaintiff alleges that the shower camera had been covered or the view otherwise obstructed by another inmate, Willie B. Sims, Jr. ("Inmate Sims"). Inmate Jenkins slammed Plaintiff to the floor, leaving Plaintiff with a broken arm.

Officer Leigh Anne Simmons ("Officer Simmons") was monitoring inmate activities at the JDC from the main control room on the day of the incident at issue. At approximately 2:22 p.m., on November 1, 2003, Officer Simmons noticed that one of the cameras in B Pod was obstructed, covered up, and/or not functioning properly. Within approximately two minutes, Plaintiff came to the Pod door asking for medical attention and indicating that he had fallen in the shower. JDC

Officer Doretha Walker further questioned the Plaintiff about the circumstances of his injury and his need for medical attention and, Plaintiff stated that Inmate Jenkins had hit him and slammed him to the ground, causing an injury to the Plaintiff's left arm.  Plaintiff immediately was taken to the Laurens County Hospital, where he received medical attention before being returned to the JDC.

Plaintiff was placed in protective custody and Inmate Jenkins was placed on lockdown.  Further investigation of the incident was available through another camera and it was determined that Inmate Sims had tampered with the camera in B Pod.  Based upon that investigation, Inmate Jenkins and Inmate Sims were charged on warrants for assault and battery.  (*See* Incident Report, pages 1 and 2, attached as Exhibit 1; Incident Report of Officer Simmons attached as Exhibit 2; and Incident Report of Officer Walker, attached as Exhibit 3 to Defendants' Memo in Support of Motion for Summary Judgment [25-2]).

### III.  PROCEDURAL HISTORY

The Plaintiff commenced this Section 1983 action on August 18, 2005[1] against the R. Eugene Johnson Detention Center ("JDC") in Laurens County, South Carolina, and JDC's Director, Captain Paul Mode ("Captain Mode"), to recover damages for injuries Plaintiff suffered while incarcerated in the JDC.

On September 16, 2005, an Order was issued by this court for the Clerk to issue a summons for Captain Mode but not for the JDC, as it was an inanimate object that cannot act under state law, and thus was not a "person" subject to suite under Section 1983.  [4-1]

On October 19, 2005, Captain Mode answered the Complaint.  [7-1]  On November 16, 2005, Plaintiff filed a motion to amend his complaint to include additional parties.  [9-1]  The court granted his motion, and Plaitniff filed his Amended Complaint to add the County of Laurens

---

[1] Plaintiff has the benefit of the holding of *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the "delivery" date of his Complaint.

("Laurens County"), ("Officer Simmons"), Inmate Jenkins, Inmate Sims, and Ricky Chastain, Sheriff of Laurens County ("Sheriff Chastain") as defendants.[2]

On March 24, 2006, Captain Mode, Officer Simmons, Sheriff Chastain, and Laurens County filed a motion for summary judgment and a memo in support pursuant to F.R.C.P. 56. [25-1; 25-2]

On March 27, 2006, an Order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Motion. [26-1]  On April 27, 2006, Plaintiff filed a response in opposition to the Motion.  [27-1]  On May 3, 2006, the Captain Mode, Officer Simmons, Sheriff Chastain, and Laurens County filed a Reply to the Plaitniff's Response to their Motion for Summary Judgment.

## IV.  JURISDICTION

Section 1983, the primary basis for jurisdiction of the Plaintiff's lawsuit, provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Accordingly, as required by statute, Plaintiff must meet two requirements to bring suit under Section 1983. First, he must show that the defendants deprived Plaintiff of his rights "under color of" state law, and second, that the deprivation is of a right guaranteed by the Constitution or laws of the United States.

---

[2] The Unites States Marshalls served Laurens County, Simmons, and Chastain, as well as Inmate Sims.  Inmate Sims, however, has failed to answer or otherwise appear.  Service could not be obtained on Inmate Jenkins.

## V.  THE STANDARD FOR DETERMINING A
## MOTION FOR SUMMARY JUDGMENT

The determination of the Motin for summary judgment filed by Captain Mode, Officer Simmons, Sheriff Chastain, and Laurens County is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion.  *Felty v. Graves-Humphreys Co.*,  818 F. 2d 1126 (4th Cir. 1987).  Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions.  *Stone v. University of Md. Medical Sys. Corp.*, 855 F. 2d 167 (4th Cir. 1988).

In deciding whether to grant a motion for summary judgment, all justifiable inferences must be drawn in favor of the non-moving party.  *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990); *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "once a plaintiff 'has named a witness to support [his] claim, summary judgment should not be granted without . . . somehow showing that the named witness' possible testimony raises no genuine issue of material fact.'"  *Miltier*, 896 F.2d at 852, *quoting Celotex v. Catrett*, 477 U.S. 317, 328 (1986) (White J., concurring).

For purposes of evaluating the appropriateness of summary judgment, this court must construe the facts are set forth in the light most favorable to Plaintiff.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party

opposing the motion.") (internal quotation marks omitted); Fed.R.Civ.P. 56(c) (Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

When, as in the present case, the Defendants are the moving party, and the Plaintiff has the ultimate burden of proof on an issue, the Defendants must identify the parts of the record that demonstrate the Plaintiff lacks sufficient evidence. The nonmoving party, then, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## VI.  DISCUSSION

### A.  Whether Laurens County can be held liable for Detention Center Officers not preventing an attack on Plaintiff by other inmates

A county cannot be held liable under Section 1983 unless it causes a deprivation of constitutional rights through an official policy or custom. *See Monell v. Department of Social Services of New York*, 436 U.S. 658, 690-91 (1978).  As the Supreme Court stated in *Monell*, "[a] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a [local] government's policy, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694 (emphasis added). The imposition of Section 1983 liability cannot rest on the doctrine of *respondeat superior*. *See id.* at 691; *Zepp v. Rehrman*, 79 F.3d 381, 385 (4th Cir. 1996) ("Because municipal liability cannot rest on the doctrine of *respondeat superior*, Zepp's § 1983 claims against Harford County and the defendants in their official capacities must fail."); *Greensboro Professional Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 964 (4th Cir. 1995); *McCall v. Williams*, 52 F. Supp. 2d 611, 622 n.17 (D.S.C. 1999).

The Plaintiff fails to allege that the alleged deprivation of his constitutional rights resulted from a written or formal policy of Laurens County and/or its policymakers. Likewise, Plaintiff does not idenitfy any evidence tending to show that a written or formal County policy caused detention officers to prevent the plaintiff from being attacked by other inmates. *Monell v. Department of Social Services of New York*, 436 U.S. at 690. Furthermore, the Plaintiff does not allege or contend that the failure to prevent the assault by Inmates Jenkins and Sims was the result of any "affirmative decisions of individual policymaking officials" of Laurens County. *See Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999), *citing Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)). The Supreme Court has specifically rejected the notion that a plaintiff alleging a § 1983 violation can establish liability of a county or municipality without submitting proof of a single action taken by a policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985).

Furthermore, Plaintiff does not contend, and there is nothing in the record to suggest that any alleged unconstitutional failure to prevent the Plaintiff from assault by other inmates was the result of a "persistent and widespread" practice and/or a well-settled custom. Under these circumstances, Laurens County cannot be held liable. *Monell v. Department of Social Services of New York*, 436 U.S. at 691; *Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000). The attack on the Plaintiff by Inmates Jenkins and Sims was an isolated occurrence and isolated, unprecedented incidents are insufficient to create liability for a municipality or county under 42 U.S.C. § 1983. *Doe v. Broderick*, 225 F.3d at 456.

Plaintiff has not shown that Laurens County had in place any unconstitutional policy, practice, procedure, or custom, and the plaintiff has failed to show that any unconstitutional policy, practice, procedure, or custom caused his damages. Accordingly, Laurens County cannot be held liable under Section 1983 for damages to Palitniff.

### B.  Whether Captain Mode, Sheriff Chastain, and/or Officer Simmons acted with Deliberate Indifference Towards Plaintiff

To succeed on his claim that the officers at JDC failed to protect him, the Plaintiff must show that one or more of the officers at Laurens County's JDC had knowledge of a substantial or pervasive risk of serious harm and acted with deliberate indifference.  To clarify, the Plaintiff is required to show and prove that the JDC officers disregarded a known and substantial risk of harm to the Plaintiff's safety by failing to take reasonable measures to correct or abate the situation.  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

To survive summary judgment, Plaitniff must produce evidence of a substantial risk of serious harm and the Defendants' deliberate indifference to that risk and causation.  The United States Supreme Court has explained that deliberate indifference involves more than ordinary lack of due care for a prisoner's interests or safety, and further, deliberate indifference involves more than mere negligence.  *Farmer v. Brennan*; *Brice v. Virginia Beach Correctional Center*, 58 F.3d 101, 105 (4th Cir. 1995).

Deliberate indifference is a very high standard, and a showing of mere negligence will not suffice.  *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999), *cert. denied*, 529 U.S. 1067 (2000).  Actual knowledge or awareness on the part of the JDC's detention officers is essential in order to prove deliberate indifference.  In order to state a claim, the Plaintiff must present evidence to show that the JDC officers subjectively recognized a substantial risk of harm and that they actually perceived that risk.  *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294 (4th Cir. 2004).

Pursuant to *Farmer v. Brennan*, in order for detention personnel to be liable to the plaintiff, they must be conscious of some possible risk of harm and/or injury to the plaintiff.  There is absolutely no indication in the record that any detention center personnel were ever aware of any threats of harm toward the plaintiff from either Inmate Jenkins or Inmate Sims.  The Plaintiff has presented no evidence to show that Captain Mode, Sheriff Chastain, Officer Simmons, or any other JDC officer had information and/or knowledge that would have led them to believe that

Inmate Jenkins and/or Inmate Sims posed a threat of danger to the Plaintiff and/or any other inmate. Because the Plaintiff has failed to come forward with and/or point to any credible evidence of actual knowledge on the part of any of these defendants to the effect that Inmate Jenkins and/or Inmate Sims posed a threat to him, Captain Mode, Sheriff Chastain, and Officer Simmons are entitled to summary judgment.

### C. There is No Supervisory Liability for any officials of Laurens County in this case

As set forth in *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994), there are three essential elements which must be proven in order to create supervisory liability under Section 1983. First, there must be a showing that a supervisor had actual or constructive knowledge that his or her subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury. Second, the supervisor's response to that knowledge must be so inadequate as to show deliberate indifference or tacit authorization to the alleged offensive practices. Third, there must be proof of an affirmative causal link existing between a supervisor's inaction and the particular constitutional injuries suffered by a plaintiff.

In this case, the Plaintiff has failed to show any conduct by any Laurens County official, or by Sheriff Chastain, Captain Mode, and/or any other detention officers as would constitute deliberate indifference to any alleged offensive practice. Furthermore, the Plaintiff cannot allege and/or prove any conduct as would give rise to any supervisory liability under Section 1983 and therefore, Captain Mode and Sheriff Chastain are entitled to summary judgment to any such claims and/or allegations.

### D. The Defendants Captain Mode, Sheriff Chastain, and Officer Simmons are Entitled to Qualified Immunity Under Section 1983

Governmental officials performing a discretionary function are entitled to qualified immunity if their conduct does not violate clearly established constitutional rights of which a reasonable person would have known to exist. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). When making a determination on the issue of qualified immunity, it is appropriate to first determine

whether or not a constitutional right would have been violated on the facts alleged, and then to consider whether or not that right was clearly established at the time such that it would be clear to an objectively reasonable officer that his or her conduct would violate that right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Whether a governmental official is entitled to qualified immunity is a question of law for the court. *Willingham v. Crooke*, 412 F.3d 553 (4th Cir. 2005). When there are no disputed material facts relevant to the court's qualified immunity inquiry, there is no question for the court to submit to a jury and a ruling on qualified immunity is appropriate at the summary judgment stage.

In order to be "clearly established" for purposes of a qualified immunity analysis, the contour of the right at issue must be sufficiently clear that a reasonable official and/or officer would understand that what he did or did not do would violate a right. *Anderson v. Creighton*, 483 U.S. 635 (1987). Qualified immunity protects all but the plainly incompetent and those who knowingly commit a violation of the law. Qualified immunity further protects law enforcement officials from bad guesses in gray areas and ensures that they are in fact held liable only for transgressing bright lines. *Willingham v. Crooke*, 412 F.3d 553 (4th Cir. 2005); *Malley v. Briggs*, 475 U.S. 335 (1986).

None of the officers involved in this case had any knowledge or information that would lead them to believe that Inmates Jenkins and Sims might attack or inflict harm cause injury to the Plaintiff. Furthermore, there is no evidence that Sheriff Chastain, Captain Mode, or Officer Simmons had prior knowledge that Inmate Sims and/or any other inmates intended to cover the surveillance camera in B Pod and then attack the Plaintiff. Incidentally, Officer Simmons noticed that the camera in B Pod had been tampered with at 2:22 p.m., and within two minutes, the Plaintiff was standing at the door of B Pod asking for medical assistance. There is no evidence in the record to suggest that any of the Laurens County officials involved in this case would have or could have known or believed that there could possibly be a violation of the Plaintiff's

constitutional rights.  It cannot be said that Captain Mode, Sheriff Chastain, or Officer Simmons transgressed any bright lines, nor would any reasonable law enforcement official have reason to think that these circumstances as exist in this case could give rise to a constitutional claim.  On the facts of this case and the applicable law, Captain Mode, Sheriff Chastain, and Officer Simmons are entitled to qualified immunity and summary judgment should be granted to them.

### E.  Captain Mode, Officer Simmons, Sheriff Chastain, and Laurens County are immune from Suit pursuant to S.C. Code Ann. § 15-78-60

To the extent that the court will consrute Plaintiff's claim as one attempting to allege a claim based upon state law, the South Carolina Tort Claims Act operates as a bar to the Plaintiff's alleged claims.  S.C. Code Ann. § 15-78-60 provides that governmental entities are not responsible for losses arising out of the supervision, protection, control, confinement, or custody of inmates unless such action amounts to such gross negligence.  Plaintiff has presented no evidence of gross negligence on the part of Captain Mode, Laurens County, Officer Simmons, and/or Sheriff Chastain.  Gross negligence is defined as the intentional conscious failure to do something which one ought to do, for the doing of something that one ought not to do.  *Hollins v. Richland County Sch. Dist. One*, 310 S.C. 486, 427 S.E.2d 654 (1993); *Etheredge v. Richland Sch. Dist. I*, 330 S.C. 447, 499 S.E.2d 238, 242 (Ct. App. 1998).  Gross negligence connotes the failure to exercise a slight degree of care.  *Clyburn v. Sumter County Sch. Dist. # 17*, 317 S.C. 50, 451 S.E.2d 885 (1994); *Etheredge v. Richland Sch. Dist. I*, 499 S.E.2d at 242.  Thus, where a person is so indifferent to the consequences of his or her conduct as not to give slight care to what he or she is doing, he or she is guilty of gross negligence.  There is nothing in the record to suggest "gross negligence" in this case.  Thus, under S.C. Code Ann. § 15-78-60, Laurens County, Captain Mode, Officer Simmons, and Sheriff Chastain are not liable to the Plaintiff and are entitled to state law immunity.  Furthermore, to the extent the Plaintiff's claim alleges entitlement to recovery under any other state law, the defendants are entitled to summary judgment.

### F.  Captain Mode and Officer Simmons are not liable to the Plaintiff and are immune from suit pursuant to S.C. Code Ann. § 15-78-70

S.C. Code Ann. § 15-78-70 provides that to the extent a plaintiff does have any right, action, or claim, such claim must be brought against the applicable agency, entity, or political subdivision as opposed to the individual employee of the governmental entity.  To the extent the plaintiff attempts to allege state law claims against Captain Mode and/or Officer Simmons, S.C. Code Ann. § 15-78-70 bars the Plaintiff's claim.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the Motion for Summary Judgment filed by Captain Mode, Sheriff Chastain, Laurens County and Officer Simmons **[25-1] should be granted.**

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

November 8, 2006

Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.) 1984, *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir. 1985)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate**

> **judge] useless.  \* \* \*  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  \* \* \*  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
