

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| KENNETH EVANS, II,<br>        Plaintiff, | §<br>§<br>§ |
| vs. | §   CIVIL ACTION NO. 9:05-2426-HFF-GCK<br>§ |
| R. Eugene Johnson Detention Center et al.,<br>        Defendants. | §<br>§ |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants County of Laurens, Leigh Anne Simmons, Ricky Chastain, and Paul Mode's motion for summary judgment should be granted. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 8, 2006. Plaintiff's objections were entered by the Clerk on November 27, 2006. The Court has carefully reviewed the objections, but

finds that, for the most part, Plaintiff is making new factual allegations. Thus, to the extent that the filing of the objections is an attempt by Plaintiff to amend his Complaint, the Court will deny the request on the basis that it would be improper for this Court to allow Plaintiff to allege new facts in his objections to the Report in an attempt to avoid summary judgment. *See Witt v. American Trucking Associations, Inc.,* 860 F.Supp. 295, 305 (D.S.C. 1994) ("A motion for leave to amend is not a vehicle to circumvent summary judgment.") (citation omitted).

In Plaintiff's objection in paragraph 3, he states that "[t]he camera[]s were blocked and the officer failed to do anything about it. That is a bre[a]ch in security." This conclusory allegation, without more, is insufficient to overcome a motion for summary judgment. Moreover, Plaintiff's self-serving affidavit, consisting of conclusory statements and self-serving opinions without objective corroboration, is also insufficient to stave off summary judgment. *See Evans v. Technologies Application & Service Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

The Court has carefully considered Plaintiff's remaining objections, but finds them to be without merit. Therefore, the Court will enter judgment accordingly.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the Motion for Summary Judgment as to Defendants County of Laurens, Leigh Anne Simmons, Ricky Chastain, and Paul Mode must be **GRANTED**.

The Motion for Summary Judgment was also submitted on behalf of the R. Eugene Johnson Detention Center (REJDC). For the reasons set forth below, the Court will grant that portion of the motion, as well.

Simply stated, REJDC is not a legal entity subject to suit. Buildings, walls, and fences do not act under color of state law. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (holding that the California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under § 1983). Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. *See, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (expressing that the Denver Police Department is not a separate suable entity); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) (stating that § 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit). Hence, because REJDC is not a "person" subject to suit under 42 U.S.C. § 1983, the Motion for Summary Judgment as to REJDC is hereby **GRANTED**.

With the granting of the Motion for Summary Judgment, only Defendants Sims and Jenkins remain. Therefore, the Court recommits this case to the Magistrate Judge for further proceedings as to these two defendants.

**IT IS SO ORDERED**.

Signed this 22nd day of March, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.