In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **Kenneth Evans, II, #308918,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**Tyrone Devell Jenkins,** )<br>**Willie B. Sims, Jr.,** )<br>)<br>Defendants. )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | Civil Action No. 9:05-2426-HFF-GCK<br><br><br><br>**REPORT AND RECOMMENDATION** |

On August 18, 2005, the plaintiff, Kenneth Evans, II ("Plaintiff"), filed a Section 1983 against Captain Paul Mode and the R. Eugene Johnson Detention Center. [1] On November 14, 2005, the Plaintiff filed a motion to amend the complaint to name as additional defendants Laurens County, Leigh Anne Simmons, Sheriff Chastain, and fellow-inmates Tyrone Devell Jenkins ("Jenkins") and Willie B. Sims, Jr. ("Sims"). The undersigned United States Magistrate Judge granted Plaintiff's motion to amend the complaint by an Order filed on November 16, 2005. [10] The Plaintiff filed an Amended Complaint on December 12, 2005. [11]

On November 8, 2006, the undersigned United States Magistrate Judge entered a Report and Recommendation which recommended that the action be dismissed as to certain defendants. [29] On March 22, 2007, the Honorable Henry F. Floyd, United States District Judge for the District of South Carolina, entered an Order which granted summary judgment to the defendants County of Laurens, Leigh Anne Simmons, Ricky Chastain, Sheriff of Laurens County, Captain Paul Mode, and the R. Eugene Johnson Detention Center. [31] The matter was recommitted to the undersigned for further proceedings as to the defendants Jenkins and Sims.

Pursuant to Federal Rule of Civil Procedure 4(m), service of the amended summons and

complaint against all defendants was to be made on or before April 11, 2006.[1]  On February 7, 2006, the Plaintiff returned the summons against Jenkins as unexecuted.  [20]

Local Rule 4.01, D.S.C. provides:

> Timely Service of Summons and Complaint.  In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

The Plaintiff has failed to show that Jenkins has been served.  He has not requested that the United States Marshal attempt to serve Jenkins at a different address.  The Plaintiff has not completed a new USM-285 form for Jenkins or made any attempt to re-serve Jenkins.  Furthermore, he has not advised the Court and parties previously served of the identity of the party not served and the reason that service has not been effected.  It is, therefore, recommended that Jenkins be dismissed *sua sponte* as a defendant to this action.  *See, e.g., Scott v. Hamidullah*, 2007 WL 904803 at *3 (D.S.C. March 21, 2007) (the Honorable Cameron McGowan Currie, United States District Judge, affirmed the recommendation by the Honorable Joseph R. McCrorey that defendant be dismissed *sua sponte* because of the *pro se* plaintiff's failure to serve that defendant pursuant to the federal and local rules.).

---

[1] Federal Rule 4(m) provides in part:
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Jenkins be dismissed without prejudice from this action.

*[signature]*
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

March 11, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).