𝕴𝖓 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘
𝕱𝖔𝖗 𝕿𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕾𝖔𝖚𝖙𝖍 𝕮𝖆𝖗𝖔𝖑𝖎𝖓𝖆
BEAUFORT DIVISION

| | |
|---|---|
| Kenneth Evans, II, #308918, ) | Civil Action No. 9:05-2426-HFF-GCK |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Tyrone Devell Jenkins, ) Willie B. Sims, Jr., ) | |
| Defendants. ) | |



On August 18, 2005, the plaintiff, Kenneth Evans, II ("Plaintiff"), filed a Section 1983 action against Captain Paul Mode and the R. Eugene Johnson Detention Center. [1] On November 14, 2005, the Plaintiff filed a motion to amend the complaint to name as additional defendants Laurens County, Leigh Anne Simmons, Sheriff Chastain, and fellow-inmates Tyrone Devell Jenkins ("Jenkins") and Willie B. Sims, Jr. ("Sims"). Plaintiff's motion to amend the complaint was granted by an Order filed on November 16, 2005. [10] The Plaintiff filed an Amended Complaint on December 12, 2005. [11]

On November 8, 2006, the undersigned United States Magistrate Judge entered a Report and Recommendation which recommended that the action be dismissed as to certain defendants. [29] On March 22, 2007, the County of Laurens, Leigh Anne Simmons, Ricky Chastain, Sheriff of Laurens County, Captain Paul Mode, and the R. Eugene Johnson Detention Center were granted summary judgment by an Order entered by the Honorable Henry F. Floyd, United States District Judge for the District of South Carolina. [31] The matter was recommitted to the

undersigned for further proceedings as to the defendants Jenkins and Sims.

With respect to the defendant Sims, the court's docket record reflects that Sims was served on December 23, 2005 via certified mail and signed the green card. [17] Sims' answer was therefore due on January 12, 2006. [17] However, Sims never filed an answer or otherwise appeared in this action. On March 11, 2008, the undersigned United States Magistrate Judge ordered that Sims was to file an answer with the Clerk of the United States District Court on or before March 18, 2008. [39] Sims did not file an answer.

With respect to the defendant Jenkins,, the undersigned issued a Report and Recommendation on March 11, 2008 [40] recommending that Jenkins be dismissed without prejudice from this action because Plaintiff had failed to show that Jenkins had been served.[1]

Also on March 11, 2008, the Clerk of Court mailed the Order and the Report and Recommendation to the Plaintiff at his last known address. [42] The envelope addressed to Plaintiff was returned to the Clerk of Court on March 24, 2008 with the Post Office's notation: "Return to Sender, Not Deliverable as Addressed; Unable to Forward." [43]



The record reveals that the Plaintiff was advised by Order dated September 16, 2005 [4] of his responsibility to notify the court *in writing* if his address changed. It appears that the Plaintiff has failed to abide by this Court's Order.

---

[1] By Order dated March 31, 2008, the Honorable Henry F. Floyd adopted the Report and Recommendation and dismissed Jenkins without prejudice from this action. [44]

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that pursuant to Fed.R.Civ.P. 41(b) this action be dismissed without prejudice for failure to prosecute.[2]

*George C. Kosko*
United States Magistrate Judge

April 22, 2008

Charleston, South Carolina

---

[2] In *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180 (4th Cir. 1989), the Fourth Circuit recognized that a court is not mandated to dismiss a plaintiff's claim with prejudice under Rule 41(b) and can instead specify that the claim will be dismissed without prejudice. *See also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) ("Neither is claim-preclusive effect demanded by Rule 41(b)--which provides that, unless the court 'otherwise specifies,' an involuntary dismissal . . . 'operates as an adjudication upon the merits.'").

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).